United States District Court
Southern District of Texas
**ENTERED**
November 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GARALDEEN K. BACON §<br>§<br>Plaintiff. §<br>§<br>VS. §<br>§<br>NANCY A. BERRYHILL, ACTING §<br>COMMISSIONER OF THE SOCIAL §<br>SECURITY ADMINISTRATION §<br>§<br>Defendant. § | CIVIL ACTION NO. 3:18–CV–00132 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Garaldeen K. Bacon ("Bacon") seeks judicial review of an administrative decision denying her disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*.

All dispositive pretrial motions in this case have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 8. Before the Court are competing Motions for Summary Judgment filed by Bacon and Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Commissioner"). Dkts. 12, 14. Having considered the motions, responsive briefing, and applicable law, the Court RECOMMENDS that Bacon's Motion for Summary Judgment (Dkt. 12) be DENIED, Commissioner's Cross Motion for Summary Judgment (Dkt. 14) be GRANTED, and the decision of the Administrative Law Judge ("ALJ") be AFFIRMED.

## BACKGROUND

Bacon filed a claim for social security disability benefits under Title II and Title XVI of the Act, alleging disability as of November 1, 2013. Bacon's applications were initially denied and denied again upon reconsideration. Subsequently, an administrative law judge ("ALJ") held a video hearing and found Bacon was not disabled. Bacon filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## APPLICABLE LAW

Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance." *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987) (citation omitted). "Judicial review is to be deferential without being so obsequious as to be meaningless." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal

quotation marks, emphasis, and citation omitted).  To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step."  *Salmond*, 892 F.3d at 817 (citation omitted).  "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity ('RFC').  The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record.  The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work."  *Kneeland*, 850 F.3d at 754 (internal quotation marks and citation omitted).

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision.  *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court.  *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).  "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the

Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Bacon had not engaged in substantial gainful activity since November 1, 2013.

The ALJ found at step two that Bacon had the following severe impairments: disorders of the back/spine and reduced function of the non-dominant hand.

At step three, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of step four, the ALJ assessed Bacon's RFC, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently handle and finger with the left hand; can frequently climb ramps and stairs; can frequently balance, stoop, kneel, crouch, and crawl; and can never climb ladders, ropes, and scaffolds.

Dkt. 7-3 at 21. At step four, based on this RFC, the ALJ found that Bacon is unable to perform past relevant work.

At step five, the ALJ considered Bacon's RFC, age, education, and work experience to determine if there was any other work she could do. At the time of the ALJ's hearing, Bacon was 57 years old, with a high school education, who had

performed past relevant work as a school cafeteria cook/worker. Based on the relevant factors, the ALJ concluded "[Bacon] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* at 25. The vocational expert ("VE") testified that an individual with Bacon's age, education, past relevant work experience, and RFC could perform occupations such as cafeteria food service worker, short order cook, and cashier/server. *See id.* at 26. Accordingly, the ALJ determined that Bacon was not disabled under the Act and was not entitled to benefits.

## DISCUSSION

This appeal raises one issue: whether the ALJ failed to give due consideration to the medical opinion of consultative examining physician Dr. Thomas Pfeil ("Dr. Pfeil") in determining Bacon's RFC. Bacon argues that (1) the ALJ erred by giving too little weight to Dr. Pfeil's opinion without considering the factors listed in 20 C.F.R. § 404.1527(c) and (2) Dr. Pfeil's opinion limits her to sedentary work contrary to the ALJ's RFC finding. In response, the Commissioner argues that substantial evidence supports the ALJ's finding, and the ALJ properly gave Dr. Pfeil's opinion "some weight."

**The Legal Standard for Giving Weight to the Medical Opinions of Examining Physicians:** Federal regulations create a broad framework for ALJs to follow in making their decisions in social security disability cases. *See* 20 C.F.R. § 404.1527. Section 404.1527(c) sets forth the specific factors that are to be considered by an ALJ when deciding the weight to be given to a medical opinion. *See id.*

The regulations make a clear distinction between the deference given to a medical opinion from a treating physician as contrasted with a medical opinion from an examining physician. A treating physician is an "acceptable medical source who provides [a claimant], or has provided [a claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." 20 C.F.R. § 404.1527(a)(2). The treating physician rule provides that the opinion of a claimant's treating physician is entitled to great weight. *See Newton*, 209 F.3d at 455–56.

A consultative physician is a physician designated and employed to make medical judgments by the Social Security Administration. *See* 20 C.F.R. § 404.1526(d). A consultative physician may personally examine the claimant. *See id.* Although the applicable federal regulations provide that "[g]enerally . . . more weight [is given] to the opinion of a source who has examined you than to the opinion of a source who has not examined you," the extreme deference provided to treating physicians' opinions does not extend to consultative examining physicians. 20 C.F.R. § 404.1527(c)(1). Indeed, "[o]pinions of acceptable medical sources that are not treating sources [—such as consultative examining physicians—] are not provided with the same 'considerable weight' as treating sources, but such medical opinion evidence is still entitled to weighing and evaluation." *Ihde v. Colvin*, 270 F.Supp.3d 956, 964 (W.D. Tex. 2017) (citations omitted). Put another way, the "standard of deference to the examining physician is contingent upon the physician's ordinarily greater familiarity with the claimant's injuries . . . . [W]here the examining physician is not the claimant's treating physician and where the physician examined the claimant only once, the level of deference afforded his

6

opinion may fall correspondingly." *Rodriguez v. Shalala*, 35 F.3d 560, 1994 WL 499764, at *2 (5th Cir. 1994) (citing *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)).

"A hearing officer demonstrates that he properly weighed the evidence where he gives 'specific reasons,' in accordance with the weight factors, for assigning an examining physician's evidence a particular weight." *Ihde*, 270 F.Supp.3d at 964 (citing *Pradia v. Colvin*, No. 3:15-CV-00036-RFC, 2017 WL 28088, at *5 (W.D. Tex. Jan. 3, 2017)). There is not, however, a requirement for "detailed analysis." *Pradia*, 2017 WL 28088, at *5. The ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Moreover, "[w]hen a treating or examining physician's opinions are inconsistent with other substantial evidence in the record, the opinions are not entitled to any specific weight in the ALJ's decision." *Smith v. Comm'r of Soc. Sec. Admin.*, No. 4:12-CV-00625-DDB, 2014 WL 4467880, at *3 (E.D. Tex. Sept. 9, 2014) (citation omitted).

**Dr. Pfeil's Findings**: Dr. Pfeil examined Bacon at the Social Security Agency's request on April 3, 2015, and completed a four-page consultative examination report. As pointed out by the ALJ, Dr. Pfeil's examination noted a number of normal findings including "negative straight leg raise testing, normal gait and station, no unsteadiness, and grossly intact nerves." Dkt. 7-3 at 23. The ALJ also observed that Dr. Pfeil's examination uncovered some limitations Bacon faced:

- She was unable to bend all the way over and get back up due to low back pain;
- She had difficulty getting up from a squatting position;
- She reported tenderness to palpation of the spine and exhibited decreased range of motion of the cervical spine and lumbar spine;
- She had a left thumb amputation, decreased middle finger extension, decreased fine finger mobility on the left; and
- She had 4/5 grip strength bilaterally.

*See id.* at 22. Ultimately, Dr. Pfeil diagnosed Bacon as suffering from neck and low back pain secondary to disc disease. *See* Dkt. 7-8 at 4. He noted that Bacon "has limitations to lifting and carrying more than 10 pounds; bending and stooping; sitting, standing, or walking more than one hour without changing position." *Id.* Dr. Pfeil also observed that Bacon had a left hand injury, and as a result, she "has limitations to grasping and squeezing with the left hand. She has problems with fine finger mobility and handling small objects with the left hand." *Id.*

**The ALJ's Consideration of Dr. Pfeil's Opinion**: Bacon contends that the ALJ erred by failing to consider each of the requisite factors in 20 C.F.R. § 404.1527(c) in evaluating Dr. Pfeil's opinion. The Court finds that the ALJ appropriately considered Dr. Pfeil's opinion because he was not obligated to give the examining physician's opinion controlling weight.

The ALJ considered Dr. Pfeil's opinion, generally finding that it was entitled to "some weight." The ALJ explained:

> As for the opinion evidence, the undersigned gives some weight to Dr. Pfeil's opinion. His opinion regarding limitations on the claimant's use of the left hard are consistent with his findings of decreased grip strength and limited left hand finger mobility. It is also supported by other findings of 4/5 grip strength noted in the medical evidence of record. (Exhibit 1F). However, the [undersigned] gives less weight to Dr. Pfeil's opinion that

8

> limits the claimant to lifting and carrying 10 pounds and limits the claimant to sitting, standing, or walking no more than 1 hour without changing positions. While limitations on the claimant's lifting, carrying, sitting, standing, and walking are reasonable given the objective evidence of degenerative disc disease and decreased grip strength, the claimant has shown no strength deficits in the lower extremities, no muscle atrophy, and no sensory deficits. She has managed her pain symptoms with conservative chiropractic treatment and minimal follow-up with medical doctors. Considering the minimal abnormal physical examination findings, the history of conservative treatment, and the claimant's testimony that she manages her pain symptoms with ibuprofen, neither the objective evidence nor the claimant's subjective reports support the extent of the limitations outlined by Dr. Pfeil. Therefore, the undersigned declines to give great weight to Dr. Pfeil's opinion regarding the claimant's exertional abilities.

Dkt. 7-3 at 24.

The record is clear. Dr. Pfeil was an examining physician—not a treating physician. Bacon's reliance on the *Newton* factors is misplaced. The *Newton* factors only apply when an ALJ rejects the opinion of a treating physician. Here, there is no treating physician opinion, therefore, *Newton* does not apply in this case. Instead, the ALJ must *consider* the examining physician's opinion and decide the appropriate weight that should be afforded to the opinion. *See Ihde*, 270 F. Supp. 3d at 964 ("such medical opinion evidence is still entitled to weighing and evaluation").

The Fifth Circuit has held that "'[t]he ALJ cannot reject a medical opinion without an explanation.'" *Kneeland*, 850 F.3d at 760 (quoting *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000)). As evident from the passage reprinted above, the ALJ in this case went to great lengths to provide a detailed explanation as to why he gave some weight to portions of Dr. Pfeil's opinion and less weight to other parts of his opinion. In his discussion regarding Bacon's RFC, the ALJ cited directly to Dr. Pfeil's opinion and

9

adopted several of his findings regarding the mobility limitations in Bacon's left hand. *See* Dkt. 7-3 at 22. The ALJ then compared Dr. Pfeil's findings to the medical evidence of record. He concluded that the medical record did not support the physical examination findings of "decreased lower extremity strength, muscle atrophy, or sensory deficits" to support a more restrictive RFC. *Id.* at 23. Because of this discrepancy, the ALJ appropriately afforded "less weight" to Dr. Pfeil's opinion that "limits the claimant to lifting and carrying 10 pounds and limits the claimant to sitting, standing, or walking no more than 1 hour without changing positions." *Id.* at 24. The Court finds that the ALJ properly weighed the evidence before him by giving "specific reasons" for "assigning an examining physician's evidence a particular weight." *Ihde*, 270 F.Supp.3d at 964. Moreover, the Court finds that the ALJ's discussion of Dr. Pfeil's opinion went above and beyond what was required of him under the regulations. *See Pradia*, 2017 WL 28088, at *5 (an ALJ is not required to give "detailed analysis" of an examining physician's opinion).

Finally, Bacon argues that Dr. Pfeil's opinion contradicts the ALJ's RFC determination. This argument, once again, goes to the ALJ's consideration of Dr. Pfeil's opinion. This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). Additionally, any conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *See Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985). The Court finds that substantial evidence supports the ALJ's decision to afford Dr. Pfeil's

opinion "less weight." The ALJ appropriately considered Dr. Pfeil's opinion and the ALJ did not commit error in his consideration of Dr. Pfeil's opinion.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Bacon's Motion for Summary Judgment (Dkt. 12) be DENIED, Commissioner's Motion for Summary Judgment (Dkt. 14) be GRANTED, and the decision of the Administrative Law Judge ("ALJ") be AFFIRMED.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 30th day of November, 2018.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE